# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH GARIVAY,<br><br>        Petitioner,<br><br>v.<br><br>DAVID LONG, Warden,<br><br>        Respondent. | No. 13-6416-JFW (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## **INTRODUCTION**

On March 4, 2014, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on April 24, 2014, petitioner filed his "Objections to the Magistrate Judge's Report and Recommendation ..." ("Objections").

/

/

/

/

/

**DISCUSSION**

In his Objections, petitioner presents, inter alia, further argument and exhibits in support of his actual innocence claim. Given petitioner's pro se status, the Court exercises its discretion to consider and address petitioner's exhibits presented for the first time in the Objections. See Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013). Additionally, in order for the Court to thoroughly consider petitioner's "actual innocence" allegations as set forth in the Objections, respondent lodged petitioner's trial transcripts on May 9, 2014. (See Docket No. 23).

After reviewing the record, the Court concludes that petitioner's actual innocence claim still fails. In particular, the Court has reviewed petitioner's Exhibit L, which is a ten-page excerpt from the transcript of a preliminary hearing in a separate criminal case, featuring the testimony of Mr. Javier Renteria, who apparently was the getaway driver with respect to the instant murder. (Objections at 7; Exhibit L at 5-6[1]). Exhibit L reflects that, during Mr. Renteria's testimony about the events leading up to the murder, he testified inconsistently about whether petitioner was present. (See Objections at 7; Exhibit L). Specifically, Mr. Renteria testified that, prior to the murder, he drove to an intersection where he picked up petitioner and another co-perpetrator, and then drove them to the victim's residence. (Exhibit L at 7-8). During this same testimony, however, when asked about who was in the car with him, Mr. Renteria testified that petitioner "wasn't there." (Exhibit L at 8-9). At petitioner's trial, Mr. Renteria was called as a defense witness, but asserted his Fifth Amendment privilege to not testify. Petitioner's counsel then sought permission from the trial court to introduce only the portion of Mr. Renteria's preliminary hearing testimony in which Mr. Renteria indicated that petitioner was not present at the scene of the murder (see, e.g., Reporter's Transcript ("RT") 274, 279), but subsequently chose not to do so after the trial court ruled that the prosecution could then introduce the portions of Mr. Renteria's testimony suggesting that petitioner was present at the scene of the murder. (See RT 305-11, 371).

---

[1] For ease of reference, the Court has labeled and will refer to the pages of Exhibit L in consecutive order, i.e., 1-10.

The Court concludes that Exhibit L does not demonstrate that petitioner is factually innocent under Schlup. As shown, in this brief excerpt from Mr. Renteria's preliminary hearing testimony, he testified inconsistently regarding petitioner's presence at the time of the murder. Given the inconclusive nature of this testimony, it cannot be said that, had this evidence been introduced at petitioner's trial, "no reasonable juror would have convicted" petitioner. See Schlup, 513 U.S. at 324. Indeed, the Court notes that petitioner's defense counsel chose to not introduce Mr. Renteria's testimony at petitioner's trial because "it was not beneficial." (RT 371). The Court has reviewed petitioner's other exhibits and allegations of actual innocence as set forth in the Objections, and concludes that none meets the Schlup standard. The exhibits -- either viewed singly or collectively -- do not provide any new compelling facts regarding the commission of the crime or otherwise fundamentally call into question the reliability of petitioner's conviction.

Moreover, to the extent that petitioner in his Objections is seeking to have the Court assess the credibility of trial witnesses, such credibility determinations are the province of the jury and are entitled to "near-total deference[.]" Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004); see United States v. Geston, 299 F.3d 1130, 1135 (9th Cir. 2002) (where conflicting versions of an incident were presented to the jury, "[i]t was within the province of the jury to resolve the disputed testimony.").

Overall, the Court finds that petitioner has not presented any new and reliable evidence that negates the jury's findings that he committed murder and conspiracy to commit murder. As for petitioner's remaining Objections regarding his claim for equitable tolling, such arguments are adequately addressed in the R&R and require no further analysis.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and petitioner's objections to the Report and Recommendation. The Court has made a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED THAT:

1. The Report and Recommendation is accepted.

2. Judgment shall be entered dismissing the action with prejudice.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: May 29, 2014

                                      HONORABLE JOHN F. WALTER
                                      UNITED STATES DISTRICT JUDGE